UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, MCGRAW HILL LLC, and PEARSON EDUCATION, INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DOES 1 – 50 d/b/a Library Genesis, bookwarrior, cdn1.booksdl.org, jlibgen.tk, libgen.ee, libgen.fun, libgen.gs, libgen.is, libgen.lc, libgen.li, libgen.pm, libgen.rocks, libgen.rs, libgen.space, libgen.st, libgen.su, library.lol, and llhlf.com,<br><br>　　　　　Defendants. | **Civil Action No.  23-cv-08136-CM** |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO SERVE DEFENDANTS BY EMAIL**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................ 1
STATEMENT OF FACTS ................................................................................................................. 2
   A.   Plaintiffs' Businesses and Copyrights ................................................................................ 2
   B.   Defendants' Operation of Infringing Websites .................................................................. 3
ARGUMENT ....................................................................................................................................... 6
   A.   Email is the Best Method of Serving Defendants. ............................................................. 6
   B.   Federal Rule of Civil Procedure 4(f)(3) Authorizes Alternative Service on Defendants Located in a Foreign Country. ............................................................................ 7
   C.   N.Y. C.P.L.R. § 308 Authorizes Alternative Service on Defendants in the United States. ............................................................................................................................... 11
CONCLUSION ................................................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                     **Page(s)**

*Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L.*,
    910 N.Y.S.2d 418 (N.Y. App. Div. 2010) ........................................................................ 11

*American Chemical Society v. Sci-Hub et al.*,
    17-cv-00726-LMB-JFA (E.D. Va. July 17, 2017) .............................................................. 7

*Broadfoot v. Diaz*, 245 B.R. 713 (Bankr. N.D. Ga. 2000) ............................................................ 10

*Elsevier Inc. et al. v. The Library Genesis Project et al.*,
    15-cv-4282-RWS (S.D.N.Y. June 18, 2015) ...................................................................... 7

*FTC v. PCCare247 Inc.*, No. 12-Civ.-7189 (PAE),
    2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) ............................................................. 8, 9, 10

*Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988 (GBD),
    2007 WL 725412, (S.D.N.Y. Mar. 13, 2007) ................................................................ 8, 10

*Prediction Co. v. Rajgarhia*, No. 09-Civ.-7459 (SAS),
    2010 WL 1050307 (S.D.N.Y. Mar. 22, 2010) ................................................................ 9, 10

*Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007 (9th Cir. 2002) .................................... 8, 9

*RSM Prod. Corp. v. Fridman*, No. 06-Civ.-11512 (DLC),
    2007 WL 1515068 (S.D.N.Y. May 24, 2007) ..................................................................... 8

*Safadjou v. Mohammadi*, 964 N.Y.S.2d 801 (N.Y. App. Div. 2013) ........................................... 11

*Snyder v. Energy, Inc.*, 857 N.Y.S.2d 442 (N.Y. Civ. Ct. 2007) ................................................... 11

*Williams v. Advert. Sex LLC.*, 231 F.R.D. 483 (N.D. W.Va. 2005) .............................................. 10

*Zhang v. Lo*, No. 14-CV-6945 (CM),
    2018 WL 1888225 (S.D.N.Y. Apr. 9, 2018) ...................................................................... 9

**Statutes**

Fed. R. Civ. P. 4 .......................................................................................................... 2, 6, 7, 8, 9, 11

N.Y. C.P.L.R. § 308 ................................................................................................................. 2, 11

Plaintiffs Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in Support of their Motion to Serve Defendants by Email. Plaintiffs seek permission to serve Defendants Does 1 – 50 d/b/a Library Genesis, bookwarrior, cdn1.booksdl.org, jlibgen.tk, libgen.ee, libgen.fun, libgen.gs, libgen.is, libgen.lc, libgen.li, libgen.pm, libgen.rocks libgen.rs, libgen.space, libgen.st, libgen.su, library.lol, and llhlf.com (collectively, "Defendants") with the Complaint and Summons, as well as the other papers required to be served in this case, by the electronic means described below.

**INTRODUCTION**

Plaintiffs are leading higher education publishers. Defendants own, operate, and/or control the pirate "shadow library" known as "Library Genesis," or "Libgen" for short. Libgen consists of a group of websites that illegally copy and distribute a vast array of written material without authorization and with no remuneration to copyright holders. Indeed, Libgen distributes, for free, fiction and non-fiction books, including thousands, if not tens of thousands, of educational textbooks published by Plaintiffs.

Recognizing the illegal nature of their infringing operation, Defendants have multiple methods of keeping their websites online. For example, Defendants operate Libgen using revolving domains, including, without limitation, cdn1.booksdl.org, jlibgen.tk, libgen.ee, libgen.fun, libgen.gs, libgen.is, libgen.lc, libgen.li, libgen.pm, libgen.rocks libgen.rs, libgen.space, libgen.st, libgen.su, library.lol, and llhlf.com ("Libgen Sites" or "Sites"). Based on identical Site content, domain forwarding, links between Sites, the servers used, Plaintiffs' investigation supports the conclusion that the Libgen Sites are operated by three different individual Defendants or groups of Defendants. Each can be served by electronic messaging as described below.

Defendants intentionally hide their locations and identities to avoid the obvious consequences of their actions, including by using pseudonyms, relying on proxy services that conceal website operators' identifying information, and failing to provide names or business addresses as contact information on or in connection with the Sites. Diligent research into Defendants' locations by an experienced investigator has not yielded results that identify Defendants' names or addresses. As a result, Plaintiffs cannot serve Defendants in this action through traditional methods of service.

Notwithstanding, alternative service, as described in detail below, will be effective and comport with due process. Defendants operate websites; therefore, contacting them by the email addresses provided on those websites is a reliable way of providing them with notice of this action. Further, even if the Sites themselves do not publicize a contact email address, Plaintiffs have determined other reliable ways to electronically message Defendants directly, including through Site information available in the WHOIS database. Such service is appropriate under Federal Rule of Civil Procedure 4 and, if applicable, the New York Civil Practice Law and Rules ("C.P.L.R"), and the Court should permit Plaintiffs to proceed as described herein. Without permission to serve Defendants by alternative means, Plaintiffs will not be able to obtain the relief they seek for Defendants' pervasive infringement.

## STATEMENT OF FACTS

### A. Plaintiffs' Businesses and Copyrights

Plaintiffs are four of the leading educational publishers in the United States. Compl. ¶ 20. Each year, Plaintiffs publish tens of thousands of academic works, including higher education textbooks, which serve as the basis for thousands of courses in universities and colleges across the United States and are among the most popular and widely used titles in their fields. *Id.* ¶ 2. Plaintiffs work with authors who are experts in their fields to create and publish their valuable

academic works. *Id.* ¶ 21. Plaintiffs' textbooks are widely available through various legitimate channels for sale and rental to paying customers. *Id.* ¶ 20.

Plaintiffs own or are the exclusive licensees of the copyrights in their respective works or derivative works listed in Exhibit A to the Complaint (the "Authentic Works"), which are registered with the U.S. Copyright Office. *Id.* ¶ 23 & Ex. A. Plaintiffs downloaded infringing copies of the Authentic Works from the Libgen Sites. *Id.* ¶ 23; Declaration of Dan Seymour ¶ 5 ("Seymour Decl.") (filed herewith). Given the blatantly illegal nature of Defendants' conduct, and the fact that Defendants maintain a collection of over 1.7 million textbooks and other non-fiction works, including many of Plaintiffs' works beyond those that Plaintiffs downloaded, Exhibit A represents merely the tip of the iceberg. Compl. ¶ 23.

B. **Defendants' Operation of Infringing Websites**

Defendants are responsible for massive infringement occurring through the Libgen shadow library. Compl. ¶ 1. Unlike a legitimate library, which licenses and lawfully obtains the books it lends, Libgen enables users to download Plaintiffs' and other copyright holders' works for free, without authorization or consent. *Id.* Moreover, the scale of Defendants' infringement is staggering. *Id.* ¶ 6. Libgen's collection consists of over 6 million files that include illegal copies of works from a diverse cross-section of the publishing industry. *Id.* For Plaintiffs alone, Libgen has over 20,000 files published by Plaintiffs – none of which Plaintiffs authorized Defendants to copy or distribute. *Id.*

Defendants are unknown individuals and/or entities believed to be located outside the United States. Compl. ¶¶ 3, 15, 37; Seymour Decl. ¶ 5. There are several reasons to believe Defendants are located abroad, including: (1) the IP address of the server that provides downloads for most of the Sites is located in Ukraine; (2) most Sites are available in Russian in addition to English; (3) information from message boards and social media posts associated with the Sites

3

supports the conclusion that Defendants are located abroad; and (4) Defendants rely on many foreign intermediaries, such as web hosts and registrars, to operate the Sites. Seymour Decl. ¶ 5.

Defendants rely on the anonymity of the internet and their apparent overseas location to hide their names and addresses and frustrate enforcement efforts against them. Compl. ¶ 37; Seymour Decl. ¶¶ 5-6. As noted above, the Libgen Sites do not provide a contact name, business name, or business address on a "contact us" page, or otherwise, as is customary for a legitimate business. Compl. ¶ 36; Seymour Decl. ¶ 6. Additionally, extensive research, including in-depth review of the Sites, content from discussion forums associated with the Sites, social media posts related to the Sites (including on international social media sites), and corporate registration databases for U.S. and international corporations has not yielded addresses where Defendants are located. Seymour Decl. ¶ 6.

However, Plaintiffs' research has enabled them to identify ways to serve Defendants via electronic means, which are detailed in Exhibit 1 to the Seymour Declaration. Seymour Decl. ¶¶ 7, 12 & Ex. 1 (providing a full list of contact information for proposed service and the source of that information). First, some Sites provide an email address to contact the Site operator that can be found on the Site or on a message board accessible through the Site. *Id.* ¶ 7. Second, Site operators can be contacted through information found in the WHOIS database, which functions like an Internet phone book. *Id*. For Defendants here, the WHOIS database provides several means of sending an electronic message directly to the Site operators through the field entitled "Registrant Email." *Id.* For instance: (1) the WHOIS database may provide a standard email address for the Site operator; or (2) where the Site operator has chosen to conceal itself through the registrar or a registrant proxy service, the WHOIS database may provide (a) an anonymized email addresses that still goes directly to the Site operator ("Anonymized Email"), or (b) a URL

4

to a page on the registrar or registrant proxy service's website that provides a form to send an electronic message directly to the Site operator ("Website Email URL").  *Id.*

As stated above, Plaintiffs' research shows that the Libgen Sites are operated in three different groups.  *See* Seymour Decl. ¶ 9.  The first group currently includes six Sites (the "Group One Sites"),[1] which share identical homepages, provide links to other Group One Sites, and/or use the same server for their infringing downloads.  *Id.*  The Defendant(s) operating the Group One Sites can be served via (1) the email address provided in the WHOIS database for libgen.su; and (2) the Website Email URLs provided in the WHOIS database for libgen.is, libgen.st, and library.lol.  *Id.* & Ex. 2 (attaching screenshots).

The second group currently includes nine Sites (the "Group Two Sties"),[2] which share identical homepages, re-direct to other Group Two Sites, provide links to other Group Two Sites, and/or use the same server for their infringing downloads.  Seymour Decl. ¶ 10.  The Defendant(s) operating the Group Two Sites can be served via (1) email to the email addresses provided on the Sites libgen.gs and libgen.li; (2) the Anonymized Email Address provided in the WHOIS database for libgen.space; and (3) the Website Email URLs provided in the WHOIS database for libgen.ee, libgen.rocks, libgen.pm, and llhlf.com.  *Id.* & Ex. 3 (attaching screenshots).

Finally, the Site libgen.fun (the "Group Three Site") has a different homepage from the other Sites, uses a different server for its infringing downloads, and does not provide a link to any other Site.  Seymour Decl. ¶ 11.  The Defendant(s) operating the Group Three Site can be served via the Anonymized Email Address provided in the WHOIS database for libgen.fun.  *Id.* & Ex. 4 (attaching screenshots).

---

[1] The Group One Sites are: libgen.is, libgen.rs, libgen.su, libgen.st, jlibgen.tk, and library.lol.

[2] The Group Two Sites are: libgen.ee, libgen.rocks, libgen.space, libgen.gs, libgen.li, libgen.lc, libgen.pm, aadn1.booksdl.org, and llhlg.com.

On September 27, 2023, Plaintiffs sent the Complaint and the Court's Order Scheduling a Pretrial Conference dated September 18, 2023 (Dkt. No. 9) to Defendants using the email addresses, Anonymized Email Addresses, and Website Email URLs outlined above and in Exhibit 1 to the Seymour Declaration. Declaration of Kevin Lindsey ("Lindsey Decl.") ¶ 8 (filed herewith). Plaintiffs did not receive any bounce-backs from the emails they sent, and the websites used to send messages to Site operators confirmed that the messages were successfully sent. *Id.*

## ARGUMENT

Plaintiffs seek permission to serve Defendants via (1) their respective email addresses identified from the Libgen Sites, if available; and (2) the email addresses, Anonymized Email Addresses, or Website Email URLs listed in the WHOIS database for the Libgen Sites. The Court may authorize alternative service on an ex parte basis under the applicable federal and New York rules. If, as is expected here, Defendants are located outside the United States, Federal Rule of Civil Procedure 4(f) applies. If any Defendant is located in the United States, New York's service of process rules apply. Applying either Rule 4(f) or New York law, alternate service is within the Court's discretion to order and should be ordered here because the methods proposed by Plaintiffs will give Defendants notice of this case and allow Plaintiffs to pursue their infringement claims.

### A. **Email is the Best Method of Serving Defendants.**

Due to the blatantly illegal nature of their websites, Defendants rely on the anonymity of the internet to hide their true identities, leaving limited means to serve them. Compl. ¶ 3, 36; Seymour Declaration 6. Under these circumstances, email is the most reliable way of providing Defendants with actual notice of this suit and the papers filed herein. Accordingly, service should be made in accordance with the methods detailed in Exhibit 1 to the Seymour Declaration.

In at least two similar cases involving shadow libraries (one against Libgen), the court granted the plaintiffs' motion for alternative service. *See* Lindsey Decl. ¶¶ 4-5; Lindsey Decl. Ex.

1, Order dated June 18, 2015, *Elsevier Inc. et al. v. The Library Genesis Project et al.*, 15-cv-4282-RWS [Dkt. No 15] (authorizing service upon operators of Libgen by email using email addresses either found on the websites at issue or listed as "Registrant Email" in the WHOIS database for the websites, including anonymized email addresses);[3] Lindsey Decl. Ex. 3, Order for Service by Publication and Email dated July 17, 2017, *American Chemical Society v. Sci-Hub et al.*, 17-cv-00726-LMB-JFA [Dkt. No. 8] (in a case against an online shadow library distributing infringing copies of academic journal articles, authorizing service by email to "Registrant Email" addresses listed in the WHOIS database for the websites at issue, including an anonymized email address).

### B. Federal Rule of Civil Procedure 4(f)(3) Authorizes Alternative Service on Defendants Located in a Foreign Country.

As explained above, Defendants are likely located in a foreign country or countries. Compl. ¶¶ 15, 37; Seymour Decl. ¶ 5. Rule 4(f)(3) allows the Court to authorize service of process on individuals in a foreign country by any "means not prohibited by international agreement as may be directed by the court," so long as the alternative method of service is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988 (GBD), 2007 WL 725412, at *5-8 (S.D.N.Y. Mar. 13, 2007) (internal quotations omitted); Fed. R. Civ. P. 4(f)(3); Fed. R. Civ. P. 4(h)(2) (Rule 4(f) also applies to serving a corporation, partnership, or association abroad).[4] "The decision of whether to allow alternative methods of serving process . . . is committed to the sound discretion of the district court." *RSM*

---

[3] The Libgen defendants in *Elsevier Inc. et al. v. The Library Genesis Project et al.*, 15-cv-4282-RWS, were The Library Genesis Project d/b/a libgen.org and John Does 1-99. Plaintiffs in *Elsevier* also identified multiple Libgen websites, including elibgen.org, libgen.info, libg.estrorecollege.org, and boofi.org. These Libgen websites were taken down, but Libgen has continued operating from new websites, including the Sites now identified in this case.

[4] Based on their research, including that described in the Seymour Declaration, Plaintiffs have not uncovered any information suggesting that any Defendant is a formal corporate entity.

7

*Prod. Corp. v. Fridman*, No. 06-Civ.-11512 (DLC), 2007 WL 1515068 at *3 (S.D.N.Y. May 24, 2007) (citation and internal quotation marks omitted).

Alternative service under Rule 4(f)(3) "is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *FTC v. PCCare247 Inc*., No. 12-Civ.-7189 (PAE), 2013 WL 841037, at *6-7 (S.D.N.Y. Mar. 7, 2013) (internal citation omitted). Indeed, a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service under Rule 4 (f)(3). *Id.* at *8; *see also Rio Props., Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1014-15 (9th Cir. 2002).

Alternative service of process by email is proper where, as here, the proposed method of service is not prohibited by international agreement and it is the most likely way to provide prompt, actual notice of the plaintiffs' claims. As one court explained with respect to email, "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process." *Rio Props.,* 284 F.3d at 1018. This is particularly on point in this case, where Judge Sweet previously found Libgen liable for infringing another publisher's (Elsevier) copyrights and permanently enjoined Libgen from unlawfully reproducing or distributing those Elsevier's works, and yet Libgen continues to operate in violation of that injunction and blatantly infringes other publishers' copyrighted works. *See* Lindsey Decl. ¶ 6; Lindsey Decl. Ex. 5, Judgment dated June 2, 2017, *Elsevier Inc. et al. v. The Library Genesis Project et al.*, 15-cv-4282-RWS [Dkt. No 87].

As discussed above, Defendants' true names and locations are unknown due to Defendants' efforts to keep it that way given their illegal conduct. If an international agreement were implicated under Rule 4(f), it would be the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague

8

Convention"). However, the Hague Convention does not apply where, as here, the address of the persons to be served is unknown. Hague Convention Art. 1, Nov. 15, 1965, 20 U.S.T. 361 ("This Convention shall not apply where the address of the person to be served with the document is not known."). In *Safavieh Int'l, LLC v. Chengdu Junsen Fengrui Tech. Co.-Tao Shen,* No. 23 CIV. 3960 (CM), 2023 WL 3977505 (S.D.N.Y. June 13, 2023) (J. McMahon), the Court stated that "the Hague Convention applies only where the defendant's address is 'known.'" *Safavieh*, 2023 WL 3977505 at *5. The *Safavieh* Court initially denied the plaintiff's ex parte motion for alternative service because defendants had provided to plaintiffs a business address in China (*id.* at *5), but the Court later granted a second ex parte motion for alternative service when plaintiffs attempted service at that address and determined it did not exist. *See* Lindsey Decl. Ex. 6, Order to Show Cause for Plaintiff's Motion for Alternative Service dated Sept. 5, 2023, *Safavieh Intl, LLC v. Chengdu Junsen Fengrui Tech. Co.-Tao Shen,* No. 23 CIV. 3960 (CM) [Dkt. No. 21].[5]

In the absence of an international agreement, the court can authorize service by any means that comports with constitutional notions of due process. *See Rio Props*., 284 F.3d at 1016; *PCCare247 Inc*., 2013 WL 841037, at *11; *see also Prediction Co. v. Rajgarhia*, No. 09-Civ.-7459 (SAS), 2010 WL 1050307, at *3 (S.D.N.Y. Mar. 22, 2010). "By design, Rule 4(f)(3) was adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Philip Morris*, at *8 (internal quotations and citation omitted). As a result, courts have fashioned a range of alternative methods

---

[5] In contrast, in *Zhang v. Lo*, No. 14-CV-6945 (CM), 2018 WL 1888225 (S.D.N.Y. Apr. 9, 2018) (J. McMahon), the Court denied plaintiff's motion to serve defendants by email or social media under Rule 4(f) where plaintiff had defendants' actual addresses in Hong Kong and mainland China, which implicated the Hague Convention. *Id.* at *1-3; *see also* Lindsey Decl. ¶ 9 (the Complaint and Summons Returned Executed in *Zhang* contain specified addresses for defendants). Here, Plaintiffs, despite diligent research efforts, do not know Defendants' addresses or, indeed, even the country or countries in which Defendants are located.

9

of service, including service by email. *See, e.g., PCCare247*, at *18-20 (ordering service by email and Facebook); *Prediction Co.*, 2010 WL 1050307, at *1-5 (ordering service by sending summons and complaint to an email address previously used by defendant to communicate with plaintiff and to counsel in New York who had been in contact with defendant); *Philip Morris*, at *9-10 (ordering service by email and fax).

Email service on a defendant engaged in illegal online activities is appropriate and constitutionally acceptable in a case such as this, where Plaintiffs are unable to personally serve Defendants at physical addresses or by mail and have shown that other means are the most effective means of providing Defendants with notice of the action. *See Philip Morris*, at *9 (finding that service by email was appropriate where defendants "conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email"); *Williams v. Advert. Sex LLC.*, 231 F.R.D. 483, 487 (N.D. W.Va. 2005) (*quoting Broadfoot v. Diaz,* 245 B.R. 713, 721 (Bankr. N.D. Ga. 2000)) ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."). Thus, email has the greatest likelihood of reaching those who, like Defendants, are adept at hiding their identity and location, but either (1) rely on email to conduct their activities, or (2) rely on their registrars or registrant proxy services to provide a means to anonymously communicate with them. *See* Compl. ¶¶ 3, 36; Seymour Decl. ¶ 7, 9; *see also Broadfoot*, 245 B.R. at 722 (authorizing email and fax service and noting, "[a] defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party."). Accordingly, service on Defendants as described herein will satisfy due process by apprising them of the action

and giving them the opportunity to answer Plaintiffs' claims.

### C. N.Y. C.P.L.R. § 308 Authorizes Alternative Service on Defendants Located in the United States.

However unlikely, even if Defendants are located in the United States, alternative service as described herein is appropriate under Federal Rule of Civil Procedure 4(e)(1) and Section 308(5) of the C.P.L.R. Under Rule 4(e)(1), service may be effected upon individuals in the United States by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A) (applying Rule 4(e)(1) as to corporate entities in the United Sates). Section 308(5) provides for service "in such a manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." C.P.L.R. § 308(5); *see also* C.P.L.R. § 311(b) & 311-A(b) (allowing service without notice as the court directs on corporations and limited liability companies). Paragraphs one, two, and four of Section 308, which set forth traditional methods of service, require that a plaintiff know the defendants' whereabouts, i.e., a home or business address. Because Defendants' locations are unknown, service via C.P.L.R. §§ 308(1), (2), or (4) is impracticable in this case, and the Court may order service of process via an alternate method, including by email. Courts in New York have authorized service of process by email where, as here, service by traditional methods was impracticable. *See, e.g., Safadjou v. Mohammadi*, 964 N.Y.S.2d 801, 803-04 (N.Y. App. Div. 2013) ("[B]oth New York courts and federal courts have, upon application by plaintiffs, authorized [e]mail service of process as an appropriate alternative method when the statutory methods have proven ineffective.") (citing *Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L.*, 910 N.Y.S.2d 418, 422 (N.Y. App. Div. 2010)).

## **CONCLUSION**

      For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion.

Dated:  October 9, 2023

Respectfully submitted,

/s/ *Kevin Lindsey*
Kevin Lindsey (*pro hac vice*)

Matthew J. Oppenheim

OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Tel:  (202) 480-2999
matt@oandzlaw.com
klindsey@oandzlaw.com

*Attorneys for Plaintiffs*