# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

ELSEVIER INC., ELSEVIER B.V., and
ELSEVIER LTD.,

                Plaintiffs,

  - against -

WWW.SCI-HUB.ORG, THE LIBRARY GENESIS
PROJECT, d/b/a LIBGEN.ORG, ALEXANDRA
ELBAKYAN, and JOHN DOES 1-99,

                Defendants.

----------------------------------------X

6/18/15

15 Civ. 4282(RWS)

O R D E R

**Sweet, D.J.**

      Plaintiffs Elsevier, Inc., Elsevier B.V., and Elsevier Ltd. (collectively, "Elsevier" or the "Plaintiffs") have moved the Court to allow alternative service of process pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, and for an Order to Show Cause why a preliminary injunction should not issue. Having reviewed the papers, declarations, exhibits, and memoranda filed in support of the Plaintiffs' application, the motion is granted.

      The Defendants are allegedly affiliated with the Library Genesis Project ("LibGen"), a set of websites that Elsevier claims post scientific literature that it holds under copyright. Elsevier

seeks to serve several LibGen-related websites via email, and to serve Defendant Alexandra Elbakyan, who it claims operates the websites, via email and at a physical address in Almaty, Kazakhstan. The LibGen websites do not list physical addresses where they may be contacted, and hide their locations (and in some cases their email addresses) in their domain registrations.

Service by email is appropriate here because the "defendants conduct business extensively, if not exclusively, through their internet websites" and "do not disclose their physical addresses or location of incorporation." See Philip Morris USA Inc. v. Veles Ltd., No. 06 CV 2988, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007). Alternate service is also appropriate here because the defendant websites are believed to operate out of Russia, where noncooperation from authorities with service through regular means has led federal courts to authorize alternate service in other cases. E.g., Bidonthecity.com LLC v. Halverston Holdings Ltd., No. 12 Civ. 9258, 2014 WL 1331046, at *10 (S.D.N.Y. Mar. 31, 2014).

It is therefore ORDERED that copies of this Order, notice of the Preliminary Injunction Hearing, and the Complaint may be served by any means authorized by law and this Order, including by email transmission to the email addresses available for Defendants on

their website or to the email addresses of their domain registrants, as follows:

    a) For sci-hub.org, to: support@sci-hub.org, sci-hub.org@gmail.com, and 522ab14bo3mfc7dy@5225b4d0pi3627q9@private.whois.net;

    b) For libgen.org, to: 54a8a84d7kaxh3nt@5225bd4d0pi3627q9.whoisprivacycorp.com;

    c) For elibgen.org, to: libegninfo@yandex.com and 54ca64605o1goi19@5225b4d0pi3627q9.whoisprivacycorp.com;

    d) For libgen.info, to: libgeninfo@yandex.com and 54a19036ejtinug6@5225b4d0pi3627q9.whoisprivacycorp.com

    e) For estrorecollege.org, libgeninfo@yandex.com and 54a19036ejtinug6@5225b4d0pi3627q9.whoisprivacycorp.com, and

    f) For bookfi.org, 52e4d617f98mrf0y@5225b4d0pi3627q9.privatewhois.net.

Defendant Alexandra Elbakyan may be served by email at mindwrapper@gmail.com and by registered mail, return receipt requested, to Zhumabaeva, 172, Almaty, Kazakhstan 050014.

It is further ORDERED that the Defendants show cause at 11 a.m. on Tuesday, July 21, before the Part One Judge of this Court, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure requiring, during the pendency of this action:

1. That the Defendants, their officers, directors, principals, agents, servants, employees, successors, and assigns, and all persons and entities in active concert or participation with them, are hereby temporarily restrained from unlawful access to, use, reproduction, and/or distribution of Elsevier's copyrighted works and from assisting, aiding, or abetting any other person or business entity in engaging in unlawful access to, use reproduction, and/or distribution of Elsevier's copyrighted works;

2. That, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Web Hosting and Internet Service Providers, domain-name registrars, and domain-name registrars that are provided with notice of the injunction, cease facilitating access to any or all domain names and websites through which Defendants engage

in unlawful access to, use, reproduction, and distribution of Elsevier's copyrighted works;

3. That, upon Plaintiffs' request, those organizations which have registered Defendants' domain names on behalf of Defendants shall disclose immediately to Plaintiffs all information in their possession concerning the identity of the operator or registrant of such domain names and of any bank accounts or financial accounts owned or used by such operator or registrant;

4. That Defendants shall not transfer ownership of the Defendants' websites during the pendency of this action, or until further order of the Court;

5. That the TLD Registries for the Defendants' websites, or their administrators, shall place the domain names on registryHold/serverHold as well as serverUpdate, ServerDelete, and ServerTransfer prohibited statuses, until further Order of the Court;

6. That Plaintiffs may enter the Defendants' websites into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants which

redirect traffic to a new domain name or website and thereby evade the provisions of this Order;

7. That the Defendants shall preserve copies of all its computer files relating to the use of the websites and shall take all steps necessary to retrieve computer files relating to the use of the websites that may have been deleted before entry of this Order; and

8. That security in the amount of $_____ be posted by Plaintiffs prior to _____, 2015 at ____ o'clock.

All papers shall be served in accordance with Local Civil Rule 6.1.

**New York, NY**
**June 18, 2015**

_____
ROBERT W. SWEET
U.S.D.J.