# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMERICAN CHEMICAL SOCIETY, | |
| Plaintiff, | |
| v. | No. 1:17-cv-00726-LMB-JFA |
| SCI-HUB d/b/a WWW.SCI-HUB.CC, JOHN DOEs 1-99, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR SERVICE BY PUBLICATION AND EMAIL**

Plaintiff American Chemical Society ("Plaintiff" or "ACS), by counsel, submits this Memorandum of Law in Support of its Motion for Service by Publication and Email.

### I. FACTS

On June 23, 2017, Plaintiff filed its Verified Complaint in this action against Defendant Does (the "Complaint"). ECF No. 1. On July 7, 2017, Plaintiff amended the Complaint to, *inter alia*, name Defendant Sci-Hub (the "FAVC"). ECF No. 4. The FAVC asserts claims for direct and contributory copyright infringement under the Copyright Act, 17 U.S.C. § 101, trademark counterfeiting and infringement under the Lanham Act, 15 U.S.C. § 1114(1), and conversion under Virginia law. *Id.*

Plaintiff ACS is a Congressionally chartered corporation that publishes over 50 peer-reviewed journals with cutting-edge articles across a broad spectrum of scientific disciplines. *Id.* ¶¶ 5, 21. Every year, over 100,000 authors and their research teams from the community of scientists worldwide submit their work for consideration in these journals. *Id.* ¶ 22. Last year, ACS published more than 40,000 of the most significant submissions. *Id.* In addition, ACS

publishes an array of eBooks. *Id.*

As one of the first publishers to provide online editions of its journal content, ACS has always been at the forefront in the publication of peer-reviewed scientific articles. *Id.* ¶ 24. Today, virtually all ACS publications are disseminated digitally via electronic licenses over the internet. *Id.* ACS journals and eBooks reside on the publications platform of the ACS website, acs.org. *Id.* Last year, some 27 million unique visitors came to the publications platform, performed 51 million searches, and made 94 million separate article requests. *Id.* ACS journals and eBooks are accessible to authorized users/viewers electronically at more than 5,000 academic, business, and corporate institutions worldwide. *Id.* ¶ 25. In addition, the Society's nearly 157,000 members have specified electronic access to articles from ACS journals and eBooks as a benefit of membership. *Id.*

ACS's aforementioned publications contain creative material wholly original to ACS and include substantial copyrightable subject matter under the copyright laws of the United States. *Id.* ¶¶ 27-28 & Ex. F. At all times relevant hereto, ACS has been and still is the owner and proprietor of all right, title, and interest in and to ACS's copyrighted works. *Id.* ¶ 29.

ACS promotes and provides its publications to consumers through use of distinctive trademark titles that have been registered with the U.S. Patent and Trademark Office (collectively the "ACS Marks"). *Id.* ¶¶ 30-31 & Ex. G. The ACS Marks are *conclusive* or *prima facie* evidence of the validity of the marks and of ACS's exclusive right to use the marks in association with the registered goods/services throughout the United States. *Id.* ¶ 31.

Defendant Sci-Hub is an individual or organization engaged in the operation of a website promoted under the name "Sci-Hub" that is engaged in intellectual property piracy on a massive scale (the "Sci-Hub Website"). *Id.* ¶ 8. The Sci-Hub Website is presently accessible through the

domain name "sci-hub.cc" and related subdomains. Defendants created and operate two websites located at http://pubs.acs.org.sci-hub.cc and http://acs.org.secure.sci-hub.cc (collectively, "the Pirated/Spoofed Site") which are nearly identical to ACS's website in form and content, including hosting and providing copies of hundreds of thousands of copyright-protected scientific journals that are owned by ACS, as well as replicating ACS's registered trademarks. *Id.* ¶ 4.

Upon information and belief, the sub-domains pubs.acs.org.sci-hub.cc and acs.org.secure.sci-hub.cc were created by Defendants to imitate ACS's legitimate website through use of ACS's "ACS" trademark and legitimate domain name acs.org within the sub-domains. *Id.* ¶ 38. The Pirated/Spoofed Site that Defendants are making available at pubs.acs.org.sci-hub.cc and acs.org.secure.sci-hub.cc is nearly identical to Plaintiff's website, located at acs.org. *Id.* ¶ 39. The Pirated/Spoofed Site appears to almost completely replicate the content of Plaintiff's website, including ACS's searchable database of copyright protected scientific journals. *Id.* ¶¶ 41-42. The Pirated/Spoofed Site also replicates Plaintiff's website by allowing access to ACS unauthorized copies of ACS's Copyrighted Works by searching by topic. *Id.* ¶ 44. The Pirated/Spoofed Site also repeatedly uses the ACS Marks without authorization. *Id.* ¶ 46. On information and belief, Defendants previously published the Sci-Hub Website at sci-hub.org before this domain name was disabled and, Defendants have previously and/or are now, publishing the Sci-Hub Website via other "sci-hub" formative domain names such as sci-hub.net, sci-hub.io, sci-hub.ac and/or sci-hub.onion. *Id.* ¶ 50.

According to records in the WHOIS database of domain name registrations, the sci-hub.cc domain name being used by Defendants to operate the Sci-Hub Website and the Pirated/Spoofed Site was registered on June 26, 2015, to Zhuhai Yingxun Keji Limited under the

3

contact email address service@todaynic.com. FAVC ¶ 11 & Ex. A. The mailing address for the registrant of the sci-hub.cc domain name is located in China. *See id.* On the Sci-Hub Website, Defendants provide links to their social media accounts, including Facebook (facebook.com/sci.hub.org) and Twitter (@Sci_Hub). *Id.* ¶ 12 & Ex. B. Defendants' webpage at vk.com/sci_hub lists a contact email address of admin@sci-hub.io. *Id.* ¶ 14 & Ex. D.

On June 18, 2015, the United States District Court for the Southern District of New York issued an order permitting the plaintiff in a similar case against Sci-Hub to serve the complaint "by any means authorized by law and this Order, including by email transmission to the email addresses available for Defendants on their website or to the email addresses of their domain registrants . . . For sci-hub.org, to support@sci-hub.org, sci-hub.org@gmail.com, 522ab14bo3mfc7dy@5225b4d0pi3627q9@private.whois.net." *Elsevier Inc. v. www.sci-hub.org*, No. 1:15-cv-04282-RWS [Dkt. No. 15] (S.D.N.Y. June 18, 2015). Service via the aforementioned email addresses appears to have provided actual notice of the Southern District of New York action in that the Defendants subsequently participated in the litigation. *See* Transcript of July 7, 2015 Telephonic Conference 7:8-8:17, *Elsevier Inc. v. www.sci-hub.org*, No. 1:15-cv-04282-RWS [Dkt. No. 38] (S.D.N.Y. filed July 14, 2015) (confirming defendants "receive[d] all of the papers submitted by the plaintiff"); Letter, *Elsevier Inc. v. www.sci-hub.org*, No. 1:15-cv-04282-RWS [Dkt. No. 50] (S.D.N.Y. filed Sept. 15, 2015) (letter to court from "main operator of sci-hub.org website"). On June 21, 2017, the court in that case issued a default judgment in Elsevier's favor converting a preliminary injunction to a permanent injunction and awarding statutory damages to Elsevier in the amount of $15 million. *See Elsevier Inc. v. Sci-Hub*, No. 1:15-cv-4282-RWS [Dkt. No. 87] (S.D.N.Y. June 21, 2017).

4

## II. ARGUMENT

Federal Rule of Civil Procedure 4(f)(3) allows service on individuals in a foreign country "by other means not prohibited by international agreement, as the court orders." Service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief . . . [but] merely one means among several which enables service of process on an international defendant." *Advanced Aerofoil Technologies, AG v. Todaro*, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012). Service under Rule 4(f)(3) need only comply with constitutional due process. "In order to fulfill due process requirements under Rule 4(f)(3), the Court must approve a method of service that is reasonably calculated to give notice to defendant." *BP Products N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005) (internal quotation marks omitted).

"[T[he decision whether to order alternative service of process under Rule 4(f)(3) is within the sound discretion of the court." *WhosHere, Inc. v. Orun*, No. 1:13-cv-00526-AJT-TRJ, 2014 WL 670817, at *2 (E.D. Va. Feb. 20, 2014). This Court has found that service of process by email comports with due process. *Id.* at *3. Moreover, this Court has approved concurrent service by email and publication in a number of cases involving Internet misconduct and trademark and/or copyright infringement. *See Cheung v. 6213.com*, No. 17-cv-258 (CMH-IDD) [Doc. 5] (E.D. Va. Mar. 20, 2017); *GMF, Inc. v. Doe*, No. 17-cv-00034 (LO/IDD) [Doc. 13] (E.D. Va. Feb. 2, 2017); *Keefe, Jr. v. Doe*, No. 17-cv-00056 (LO/JFA) [Doc. 6] (E.D. Va. Jan. 25, 2017); *Muscle Mass, Inc. v. Doe*, No. 17-cv-00033 (LO/TCB) [Doc. 9] (E.D. Va. Jan. 24, 2017); *Intercontinental Data Communications Ltd.*, No. 1:16-cv-613 (LMB/JFA) [Doc. 10] (E.D. Va. June 6, 2016); *Consumer Source Holding, Inc. v. Does 1-24*, No. 1:13-cv-1512-AJT-JFA [Doc. 21] (E.D. Va. Dec. 23, 2013); *Watson v. Doe*, 1:15-cv-831-AJT-MSN [Doc. 9] (E.D. Va. Aug. 28, 2015); *Acme Billing Co. v. Doe*, 1:14-cv-1379-LO-MSN [Doc. 8] (E.D. Va. Nov.

5

10, 2014).

In this case, Sci-Hub does not identify a physical address or even the country in which it is located (although according to the WHOIS database, the sci-hub.cc domain name is registered to an address in China). FAVC ¶ 11 & Ex. A. Accordingly, the email address listed as the "Registrant Email" in the WHOIS records for the sci-hub.cc domain name and/or the e-mail address listed on Defendants' webpage are likely to be the most accurate contact information and means of notice or service. *See Tory Burch LLC v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 13-cv-2059, 2013 WL 1283824, at *9 (N.D. Ill. Mar. 27, 2013) (authorizing service on Doe defendants via email and noting, *inter alia*, that "Defendants rely primarily on electronic communications to communicate with their registrars and customers, demonstrating that electronic service would be a reliable means of apprising the Defendants of this case"). Plaintiff also proposes to serve Defendants through the same email addresses approved for service on Sci-Hub by the United States District Court for the Southern District of New York. Given Defendants' apparent efforts to avoid identification of their physical location, and their active use of the email addresses in question, service of Plaintiff's claims though email and publication is in the public interest. *See U.S. v. Lebanese Canadian Bank SAL*, No. 11-cv-9186, 2012 WL 2035997, at *4 (S.D.N.Y. Jun. 6, 2012).

Service via email in this case also is consistent with the national trend of U.S. District Courts authorizing service via email in cases involving Internet based scams and/or intellectual property infringement—including in cases involving John Doe defendants. *See, e.g.*, *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) (finding service via email proper and stating "when faced with an international e-business scofflaw, … email may be the only means of effecting service of process."); *Assef v. Does 1-10*, No. 15-CV-01960-MEJ,

6

2016 WL 1191683 (N.D. Cal. Mar. 28, 2016) (authorizing service by e-mail against Doe defendants accused of online trademark infringement and defamation); *Richemont International SA v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 16-cv-04085 [Doc. 27] (N.D. Ill. April 13, 2016) (authorizing service via email on Internet infringer defendants with unknown true identities); *MGM Resorts Int'l v. Unknown Registrant of www.imgcasino.com*, No. 2:14-CV-01613-GMN, 2015 WL 669026 (D. Nev. Feb. 17, 2015) (authorizing service by e-mail against unknown registrant of allegedly infringing domain name); *Abercrombie & Fitch Trading Co. v. 7starzone.com*, No. 14-60087-CIV, 2014 WL 11721486 (S.D. Fla. Mar. 11, 2014) (authorizing service by e-mail against defendants who "operated anonymously via the Internet"); *Microsoft Corp. v. Does*, No. 12-CV-1335 SJ RLM, 2012 WL 5497946 (E.D.N.Y. Nov. 13, 2012) (finding service by e-mail appropriate against Doe defendants accused of Internet-based intellectual property infringement); *Gucci Am., Inc. v. Wang Huoqing*, No. C-09-05969 JCS, 2011 WL 31191, at *2 (N.D. Cal. Jan. 3, 2011) (service by e-mail permitted in action for trademark counterfeiting and infringement and false designation of origin), *report and recommendation adopted sub nom. Gucci Am. v. Wang Huoqing*, No. C 09-05969 CRB, 2011 WL 30972 (N.D. Cal. Jan. 5, 2011); *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695 (S.D. Fla. April 29, 2010) (authorizing service by e-mail against alleged infringer); *Chanel Inc. v. Zhibing*, No. 2:09-cv-02835-cgc, 2010 WL 1009981 (W.D. Tenn. Mar. 17, 2010) (finding service to e-mail addresses listed on defendant's websites and WHOIS records most likely method of reaching defendant).

### III. CONCLUSION

For the reasons set forth above, Plaintiff requests that this motion be granted, that the Court enter the proposed Order submitted herewith, and that the Court grant such further relief as

7

this Court deems proper.

Dated: July 17, 2017     By:     /s/ Attison L. Barnes. III /s/
                                 Attison L. Barnes, III (VA Bar No. 30458)
                                 David E. Weslow (for *pro hac vice*)
                                 Matthew J. Gardner (for *pro hac vice*)
                                 WILEY REIN LLP
                                 1776 K St. NW
                                 Washington, DC 20006
                                 (202) 719-7000 (phone)
                                 abarnes@wileyrein.com
                                 dweslow@wileyrein.com
                                 mgardner@wileyrein.com

                                 *Counsel for Plaintiff*
                                 *American Chemical Society*

Case 1:17-cv-00726-LMB-JFA Document 14 Filed 07/17/09/23 Page 9 of 10 PageID# 715

8

## CERTIFICATE OF SERVICE

I, Attison L. Barnes, III, hereby certify that on July 17, 2017, I electronically filed the foregoing by using the CM/ECF system. I also sent a copy to the following postal and email addresses associated with Defendant Sci-Hub:

Zhuhai Yingxun Keji Limited
Zhuhai 5190000 (CN)

service@todaynic.com
admin@sci-hub.io
support@sci-hub.org
sci-hub.org@gmail.com
5438063a3qami6zo@5225b4d0pi3627q9@whoisprivacycorp.com.

/s/ Attison L. Barnes, III /s/
Attison L. Barnes, III, Esq.
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com

*Counsel for Plaintiff*
*American Chemical Society*