UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, MCGRAW HILL LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 – 50 d/b/a Library Genesis, bookwarrior, cdn1.booksdl.org, jlibgen.tk, libgen.ee, libgen.fun, libgen.gs, libgen.is, libgen.lc, libgen.li, libgen.pm, libgen.rocks, libgen.rs, libgen.space, libgen.st, libgen.su, library.lol, and llhlf.com, <br><br> Defendants. | Civil Action No. 23-cv-08136-CM |

## **DECLARATION OF KEVIN LINDSEY**

I, Kevin Lindsey, counsel for Plaintiffs, hereby declare as follows:

1. I am an associate at Oppenheim + Zebrak, LLP, which represents Plaintiffs Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") in the above-captioned action.

2. I submit this declaration in support of Plaintiffs' Motion for Entry of a Default Judgment, Permanent Injunction, and Post-Judgment Relief Order (the "Motion"). I have knowledge of the facts stated herein based on personal knowledge and my review of the documents, files, websites, and other items referenced herein. If called upon to do so, I am able to testify competently to the matters as stated herein.

3. Our firm has reviewed websites that Defendants in the above-captioned action own, operate, and/or control, including cdn1.booksdl.org, jlibgen.tk, libgen.ee, libgen.fun, libgen.gs,

libgen.is, libgen.lc, libgen.li, libgen.pm, libgen.rocks, libgen.rs, libgen.space, libgen.st, libgen.su, library.lol, and llhlf.com ("Libgen Sites" or "Sites").  The Sites are part of the "shadow library" known as "Library Genesis," or "Libgen" for short.

4.      Libgen is known as one of the most notorious and far-reaching infringement operations in the world.  Libgen maintains an enormous collection of infringing digital files that include works from a diverse cross-section of the publishing industry.  Indeed, based on Libgen's categorization of these files, the Libgen collection includes over 1.7 million textbook and other non-fiction files.  And based on the publisher fields listed on Libgen, this collection includes over 20,000 files published by Plaintiffs.

5.      Based on our review of the Libgen Sites, the Sites appear to distribute largely the same or the exact same collection.  Additionally, many Libgen Sites link to the same IPFS gateways—Protocol Labs Inc. ("Protocol Labs"), which operates IPFS.io, Pinata Technologies, Inc. ("Pinata"), and Cloudflare, Inc. ("Cloudflare").  Further, when Plaintiffs downloaded infringing copies of their works listed in Exhibit A to the Complaint (the "Authentic Works") from Libgen, it was apparent that all the Sites except libgen.fun used the same server to host the collection of infringing works.

6.      Since filing the Complaint, we have identified several additional domains Defendants use to operate Libgen ("New Libgen Sites"), which are identified in Appendix A to Plaintiffs' proposed order.  Based on our review of the New Libgen Sites, they provide the same means to download infringing works as the Libgen Sites, including the same Libgen server and the same IPFS gateways.  The New Libgen Sites also appear to distribute the same or largely the same collection of files.  Additionally, the New Libgen Site libgen.re has the same homepage as and links to libgen.rs, libgen.is, and libgen.st, while the New Libgen Sites libgen.vg and

libgen.click have the same homepage as and link to libgen.lc, libgen.li, libgen.gs, and libgen.pm. And the domain names of the Libgen Sites and the New Libgen Sites are different from the domain names that were active when the court entered the permanent injunction against Libgen in *Elsevier Inc. v. Sci-Hub,* No. 15-CV-4282 (RWS), 2017 WL 3868800 (S.D.N.Y. June 21, 2017). Thus, it is clear that Libgen operates from multiple, rotating domains.

7. Libgen users can search for the infringing works Defendants distribute using, for example, title, author, publisher, or International Standard Book Number ("ISBN"). Additionally, the Libgen Sites contain links to download infringing works in different ways, including directly from the Libgen server, through IPFS networks, or through peer-to-peer networks notorious for widespread unauthorized distribution of copyrighted materials.

8. Based on our access to the Sites, they are continuously accessible to users in the United States. Additionally, a review of data from simialrweb.com, a website that tracks the country of origin of IP addresses of website visitors, shows that the Libgen Sites receive a significant number of visitors from IP addresses located in the United States. For example, over a three-month period in 2023, the Sites averaged roughly 9 million visitors per month from the United States. Several Libgen Sites also contain advertisements in English for U.S. products such as browser extensions and online games and solicit donations from users with solicitations written in English.

9. Based on our review of the Sites and WHOIS database, which operates as a kind of internet phone book that provides information about websites and website operators, Defendants rely on U.S. intermediaries to conduct their unlawful operations, including the IPFS gateway companies, NameCheap for domain registration, Cloudflare for proxy services, and Google for search engine services.

10. We attempted to identify Defendants using online resources such as a discussion forum accessible through several of the Sites (the "Libgen Forum"), social media posts related to Libgen, and the Sites, but were unable to discover their identities. Based on data from the WHOIS database, Defendants conceal their identities using proxy services that conceal website operators' identifying information. Defendants also do not provide any names or business address information on the Sites.

11. Based on Plaintiffs' and our research and investigation, it is likely that Defendants are located outside of the United States. A server that provided the downloads of infringing copies of the Authentic Works had an IP address located in Ukraine. Many of the Sites are available in Russian in addition to English. Moreover, according to the WHOIS database, Defendants rely on many foreign intermediaries, such as hosts and registrars located in, for example, the Netherlands, Finland, and Ecuador, to operate the Sites. Accordingly, based on information currently available, we understand that Defendants are not subject to suit in courts of general jurisdiction in any U.S. state.

12. Based on our review of the Libgen Forum, the Sites, and social media posts related to the Sites, Defendants have developed a following of volunteers to help improve the site, discussion forums dedicated to discussing the Sites and how to pirate copyrighted works, donors contributing significant funds to the continued operation of the Sites, and users who can upload new infringing works that the Sites then make available to the masses.

13. Defendants continue to operate Libgen despite a previous judgment and permanent injunction against them in *Elsevier Inc. v. Sci-Hub,* No. 15-CV-4282 (RWS), 2017 WL 3868800 (S.D.N.Y. June 21, 2017).

14. Our firm has reviewed copyright registration information for the works listed in Exhibit A to the Complaint (the "Authentic Works"). The Authentic works were registered within three months of publication of the work or before the date provided by the Sites as when Defendants started distributing the work.

15. Attached hereto as Exhibit 1 is a true and correct copy of the Office of the United States Trade Representative's *2023 Review of Notorious Markets for Counterfeiting and Piracy* ("USTR Report"). This report "highlights prominent and illustrative examples of online and physical markets that reportedly engage in, facilitate, turn a blind eye to, or benefit from substantial piracy or counterfeiting." USTR Report at 1. The section in the USTR Report concerning Libgen states that it "hosts a large number of digital copies of books, manuals, journals, and other works, many of which are unauthorized copies of copyright protected content." *Id.* at 27. While the report refers to a 2022 U.S. law enforcement seizure of domains associated with Libgen, it appears the report should have referred to the seizure of domains operated by a different shadow library called Z-Library, which operates similarly to Libgen. *See id.*; *United States v. Napolsky*, 22-cr-525 (E.D.N.Y.). Importantly, Libgen has been included in the U.S. Trade Representative's *Review of Notorious Markets for Counterfeiting and Piracy* every year since at least 2016.

16. Attached hereto as Exhibit 2 is a true and correct copy of two orders in *American Chemical Society v. John Does 1-99*, No. 17-cv-726-LMB-JFA (E.D. Va.)—the November 3, 2017 Order and the March 28, 2018 Amended Permanent Injunction.

17. Attached hereto as Exhibit 3 is a true and correct copy of the Default Judgment, Permanent Injunction, and Post-Judgment Relief Order in *Bedford, Freeman & Worth Publishing Group, LLC* v. *English*, No. 21-cv-6691-ER (S.D.N.Y. November 10, 2022).

18. Attached hereto as Exhibit 4 is a true and correct copy of the Amended Default Judgment and Permanent Injunction in *Elsevier Inc., et al. v. Quattainah, et al.*, No. 20-cv-8438-LLS (S.D.N.Y. June 28, 2022).

19. Attached hereto as Exhibit 5 is a true and correct copy of the Order of Default and Permanent Injunction in *Moncler S.P.A. v. John Does 1-16*, 19-cv-8848-PGG (S.D.N.Y. July 30, 2020).

20. Attached hereto as Exhibit 6 is a true and correct copy of two screenshots from the Libgen Forum.

21. Attached hereto as Exhibit 7 is a true and correct copy of the Association of American Publishers press release "2023 USTR Notorious Markets List Issued," dated January 30, 2024.

22. Attached hereto as Exhibit 8 are true and correct copies of the following sources that discuss internet service provider ("ISP") blocking orders against Libgen in European countries: (1) Ernesto Van der Sar, *French ISPs Ordered to Block Sci-Hub and LibGen*, TORRENTFREAK, March 31, 2019, https://torrentfreak.com/court-orders-french-isps-to-block-sci-hub-and-libgen-190331/ (ISP blocking in France); (2) Andy Maxwell, *Major Publishers Expand Sci-Hub, Libgen and Ebook Piracy Blocking*, TORRENTFREAK, November 12, 2021, https://torrentfreak.com/major-publishers-expand-sci-hub-libgen-and-ebook-piracy-blocking-211112/ (ISP blocking in the United Kingdom); (3) Andy Maxwell, *Vodafone Blocks Libgen Following Elsevier, Springer & Macmillan Injunction*, TORRENTFREAK, August 8, 2018, https://torrentfreak.com/vodafone-blocks-libgen-following-elsevier-springer-macmillan-injunction-180808/ (ISP blocking in Germany); (4) L'Autorità per le Garanzie nelle Comunicazioni (Communications Regulatory Authority) Resolution no. 178/18/CSP,

https://www.agcom.it/documentazione/documento?p_p_auth=fLw7zRht&p_p_id=101_INSTANCE_FnOw5lVOIXoE&p_p_lifecycle=0&p_p_col_id=column-1&p_p_col_count=1&_101_INSTANCE_FnOw5lVOIXoE_struts_action=%2Fasset_publisher%2Fview_content&_101_INSTANCE_FnOw5lVOIXoE_assetEntryId=11533826&_101_INSTANCE_FnOw5lVOIXoE_type=document (ISP blocking in Italy); (5) List of Domain Names and IP Addresses Blocked by Hellenic Copyright Organization https://opi.gr/images/epitropi/edppi_list_4_9.pdf, at 10 (ISP blocking in Greece); and (6) Nicolas Keszei, *Scientific publishers band together against piracy*, L'ECHO, October 16, 2019 https://www.lecho.be/entreprises/technologie/les-editeurs-scientifiques-se-liguent-contre-la-piraterie/10172391.html (ISP blocking in Belgium). Where we have attached articles rather than foreign court orders we do so for ease of reference, including to provide the information in English.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Kevin Lindsey (*pro hac vice*)

Executed on March 1, 2024