# EXHIBIT 5
## to the Attorney Declaration

*Cengage Learning, Inc. et al. v. Does 1-50 d/b/a Library Genesis et al.*, S.D.N.Y. Case No. 23-cv-08136-CM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONCLER S.P.A,

              Plaintiff,

    - against -

JOHN DOES 1-16,

              Defendants.

**ORDER OF DEFAULT AND PERMANENT INJUNCTION**

19 Civ. 8848 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    This action was commenced on September 25, 2019 with the filing of a Summons and Complaint. Defendants are individuals and entities who operate the following domain names: monclerjacketsonlineshop.com; moncleraoutletit.com; moncler-jackenoutlet.net; womencoatonline.com; monclerjacketsdiscount.top; moncler-shops.net; moncler-outlet.biz; monclerdown.net; monclerhomme.top; monclerjacketss.com; monclerjacket.us.com; outletmonclerjacketco.top; monclersale.co; moncleronlinestore.top; nicejackets.co; monclersale.club; monclearpascher.com; cumberlandgenetic.com; curvesatbethany.com; puitalia.com; cwtt.info; detectiondemetaux.com; dichvuthuexegiare.com; moncleroutletshop.top; and monclersoutletus.com. (Cmplt. (Dkt. No. 3) ¶¶ 13-15 & Ex. 1)

    Pursuant to the terms of the Order Permitting Service By Electronic Mail and Order to Show Cause for a Preliminary Injunction (Dkt. No. 9), Defendants were served by Electronic Mail with the Summons and Complaint on January 17, 2020. See Dkt. No. 15. The Defendants' Answer was due by no later than February 7, 2020. (Id.) As of today, no Defendant has answered, nor has any Defendant requested an extension of time in which to answer, nor has

any counsel made an appearance on any of the Defendants' behalf. On July 7, 2020, a Certificate of Default was issued by the Clerk of Court. (Dkt. No. 22)

On July 9, 2020, an Order to Show Cause was entered by the Court, requiring Defendants to appear and show cause why a default judgment and permanent injunction should not be entered against them. (Dkt. No. 23)

Having reviewed the Complaint and its exhibits, other pleadings of record, and the Affidavit of Joseph C. Gioconda, Esq., submitted in connection with Plaintiff's application for a Default Judgment and Permanent Injunction, the Court HEREBY FINDS:

1. Plaintiff is the registrant and/or record owner of the following federally registered trademarks (the "Moncler Trademarks"):

| U.S. Registration Number | Trademark | Registration Date | International Classes |
|---|---|---|---|
| 803,943 | MONCLER | February 15, 1966 | 25 |
| 975,069 | [MONCLER logo with mountain/rooster design] | December 18, 1973 | 25 |

2

| | | | |
|---|---|---|---|
| 1,405,877 | | January 29, 2019 | 9, 42, 45 |
| 3,737,147 | | January 12, 2010 | 9, 18, 25 |
| 3,784,896 | MONCLER | May 4, 2010 | 9, 18, 25 |
| 3,924,827 | MONCLER GAMME ROUGE | February 26, 2009 | 25 |
| 3,924,828 | MONCLER GAMME BLEU | March 1, 2011 | 25 |
| 3,964,502 | | May 24, 2011 | 25 |

3

| | | | |
|---|---|---|---|
| 4,326,394 | [Moncler logo] | April 30, 2013 | 26 |
| 4,329,824 | [Moncler logo] | May 7, 2013 | 4 |
| 4,394,491 | [Moncler Gamme Bleu logo] | September 3, 2013 | 25 |

4

| | | | |
|---|---|---|---|
| 4,479,319 | MONCLER GRENOBLE (logo) | February 11, 2014 | 9, 18, 28 |
| 4,611,915 | MONCLER | September 30, 2014 | 9, 35 |
| 4,615,701 | MONCLER (logo) | October 7, 2014 | 9 |
| 4,680,355 | MONCLER ENFANT | February 3, 2015 | 25, 28, 35 |
| 4,702,014 | MONCLER (logo) | March 17, 2015 | 4 |

5

| 4,710,164 | MONCLER | March 31, 2015 | 4 |
|---|---|---|---|
| 4,750,178 | | June 9, 2015 | 28 |
| 4,774,841 | | July 21, 2015 | 4 |
| 4,876,535 | MONCLER | December 29, 2015 | 43 |
| 4,899,989 | MONCLER | February 16, 2016 | 28 |

6

| | | | |
|---|---|---|---|
| 4,903,431 | | February 23, 2016 | 28 |
| 4,903,438 | | February 23, 2016 | 16 |
| 4,980,459 | | June 21, 2016 | 35 |

7

| | | | |
|---|---|---|---|
| 5,038,584 | | September 13, 2016 | 18, 25 |
| 5,084,354 | | November 22, 2016 | 14, 18, 28 |
| 5,102,608 | | December 20, 2016 | 12, 20, 32 |

8

| | | | |
|---|---|---|---|
| 5,107,222 | | December 27, 2016 | 14 |
| 5,163,611 | | March 21, 2017 | 25 |
| 5,220,625 | | June 13, 2017 | 3 |
| 5,332,131 | MONCLER | November 14, 2017 | 14, 18, 25 |

9

| 5,445,480 | DOUDOUNE D'AIR MONCLER | April 17, 2018 | 25 |
| --- | --- | --- | --- |
| 5,472,359 | MONCLER | May 22, 2018 | 3 |
| 5,477,770 | MONCLER | May 29, 2018 | 16, 22, 26, 34 |
| 5,505,327 | MONCLER | July 3, 2018 | 24 |
| 5,677,402 | M | February 19, 2019 | 9, 18, 25, 35 |

10

2.  Plaintiff has shown that Defendants are entities or individuals that are (or were) operating a network of sophisticated websites (the "Infringing Websites") in order to sell products bearing counterfeit reproductions of the Moncler Trademarks ("Counterfeit Products") to consumers in the United States and in this Judicial District.

3.  Defendants' continued manufacturing, distribution, offering for sale, and sale of Counterfeit Products has caused and will continue to cause irreparable injury to the Plaintiff if permanent injunctive relief is not granted.

4.  Plaintiff has demonstrated that Defendants registered and are (or were) using domain names in connection with Infringing Websites selling and offering for sale Counterfeit Products, including domain names incorporating in whole or in part one or more of the Plaintiff's Moncler Trademarks (the "Domain Names"), in violation of the Anticybersquatting Consumer Protection Act. The domain names at issue are listed in the first paragraph of this Order.

5.  Absent a permanent injunction, Defendants would likely hide, secrete, or deplete any assets, thus frustrating the ultimate relief it seeks in this action.

6.  In addition, absent a permanent injunction, Defendants will likely continue and/or resume using the domain names listed above in connection with the sale of Counterfeit Products via the Infringing Websites.

7.  The harm to Plaintiff resulting from denial of a permanent injunction would outweigh any harm to the Defendants' legitimate interests from granting such an order.

8.  Entry of an order other than a permanent injunction would not adequately achieve the purposes of the Lanham Act to preserve Plaintiff's equitable remedies for trademark counterfeiting.

THEREFORE, IT IS HEREBY ORDERED that the Defendants, and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are PERMANENTLY ENJOINED from infringing the Moncler Trademarks or Plaintiff's rights therein, or using or exploiting the Moncler Trademarks, by:

a. Using any reproduction, counterfeit, copy, or colorable imitation of the Moncler Trademarks for and in connection with any goods or their packaging not authorized by the Plaintiff;

b. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiff's business reputation, or to dilute the distinctive quality of the Moncler Trademarks;

c. Using any false description or representation, including words or other symbols tending falsely to describe or represent the Defendants' unauthorized goods or their packaging as Plaintiff's, or sponsored by or associated with Plaintiff, and from offering such goods into commerce;

d. Manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any products or packaging not authorized by Plaintiff that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of the Moncler Trademarks;

e. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which is or may be likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are

12

in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiff;

f. Secreting, destroying, altering, removing, or otherwise disposing of the Counterfeit Products, or any books or records that contain any information relating to the importation, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all Counterfeit Products;

g. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth this Order;

h. Using, linking, transferring selling, or exercising control over the Domain Names, or any other domain name that incorporates, in whole or in part, any of the Moncler Trademarks, or any domain name that is used in connection with any Infringing Website or any website selling, offering to sell, promoting, advertising, or otherwise depicting any Counterfeit Products;

i. Creating, operating, overseeing, or otherwise exercising control over the Infringing Websites, or any website selling, offering to sell, promoting, advertising, or otherwise depicting any Counterfeit Products;

j. Creating, operating, overseeing, or otherwise exercising control over the Infringing Websites, or any website embedding, incorporating, including, or otherwise displaying any of the Moncler Trademarks, or any of Plaintiff's promotional and advertising campaign images; and

13

k. Processing any payments for or otherwise providing any online services relating to the sale of Counterfeit Products.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Internet Registry for each of the Domain Names listed in the first paragraph of this Order be permanently transferred to an Internet Registrar of Plaintiff's choice; and

**IT IS FURTHER ORDERED THAT** Plaintiff may complete service of process of this Permanent Injunction on the Defendants by electronic mail to the email addresses set forth in the attached Exhibit A. Plaintiff has demonstrated that completing service of process on these email addresses will provide adequate notice to the Defendants pursuant to FED. R. CIV. P. 4.

Defendants are hereby given further notice that they shall be deemed to have actual notice of the issuance and terms of such Permanent Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

Dated: New York, NY
July 30, 2020

SO ORDERED.

Paul G. Gardephe
United States District Judge

14

# **EXHIBIT A**

## **DEFENDANTS' EMAIL ADDRESSES**

1. tiffanyonsale@outlook.com

2. tiffanyoutlet@outlook.com

3. moncleroutletonsales@outlook.com

4. clothoutletshop@outlook.com

5. moncleroutletonsales@outlook.com

6. clothoutletshop@outlook.com

7. moncleroutletonsales@outlook.com

8. clothoutletshop@outlook.com

9. moncleroutletonsales@outlook.com

10. lyfhzfrom2012@gmail.com

11. sell2015aaron@gmail.com

12. custon2014@gmail.com

13. animatraleaquile@gmail.com

14. email@domaine.com

15. onlinemonclersale@gmail.com