UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, MCGRAW HILL LLC, and PEARSON EDUCATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1 – 50 d/b/a Library Genesis, bookwarrior, cdn1.booksdl.org, jlibgen.tk, libgen.ee, libgen.fun, libgen.gs, libgen.is, libgen.lc, libgen.li, libgen.pm, libgen.rocks, libgen.rs, libgen.space, libgen.st, libgen.su, library.lol, and llhlf.com,<br><br>Defendants. | Civil Action No. 23-cv-08136-CM<br><br>**[PROPOSED] DEFAULT JUDGMENT, PERMANENT INJUNCTION, AND POST-JUDGMENT RELIEF ORDER** |

Plaintiffs Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") have moved for entry of a default judgment, permanent injunction, and post-judgment relief order ("Motion") against defendants Does 1 – 50 d/b/a Library Genesis, bookwarrior cdn1.booksdl.org, jlibgen.tk, libgen.ee, libgen.fun, libgen.gs, libgen.is, libgen.lc, libgen.li, libgen.pm, libgen.rocks libgen.rs, libgen.space, libgen.st, libgen.su, library.lol, and llhlf.com, who are further identified through the additional domains and contact information set forth in Appendix A hereto (collectively, "Defendants"). Plaintiffs so move the Court on the basis that Defendants, with no license or authorization, are unlawfully reproducing and distributing digital copies of Plaintiffs' copyrighted works on a massive scale in willful violation of the Copyright Act of 1976.

Plaintiffs initiated this action on September 14, 2023. Compl. (ECF No. 1). On October 9, 2023, Plaintiffs filed a Motion to Serve Defendants by Email (ECF No. 12), which the Court

granted on October 10, 2023.  Oct. 10, 2023 Memo Endorsement (ECF No. 17) ("Alternative Service Order").  Pursuant to the Alternative Service Order, on October 17, 2023, Plaintiffs served Defendants with the Complaint and Summons.  Oct. 23, 2023 Decl. of Service of Process (ECF No. 20).  No Defendant has filed an Answer or otherwise responded to the Complaint.  Accordingly, on November 21, 2023, Plaintiffs sought, and the Clerk of Court issued, a Certificate of Default as to all Defendants (ECF No. 23).  On March 1, 2024, pursuant to the Alternative Service Order and this Court's Individual Practices and Procedures V.E, Plaintiffs served Defendants with the Motion and supporting papers and the required notice statement.  Defendants did not oppose or otherwise respond to the Motion.

Having reviewed the Complaint, Plaintiffs' filings in support of the Motion, and the entire record herein, the Court makes the following findings of fact and conclusions of law:

Plaintiffs are leading educational publishers in the United States that create and publish works that advance learning.  Plaintiffs develop educational content; market, distribute, and sell that content to students; and market and distribute that content to instructors.  Plaintiffs' textbooks are widely available for sale, including from Plaintiffs' direct sales channels, such as their own websites, and from authorized third-party distributors and physical and online bookstores.

Defendants own, control, and/or operate a group of websites known as "Library Genesis," or "Libgen" for short.  Libgen is a so-called "shadow library," which enables users to unlawfully download, for free, a wide array of copyrighted content.  Libgen operates at multiple domain names, which change from time-to-time (the "Libgen Sites" or "Sites").  Plaintiffs provided a list of currently known Libgen Sites, which is included in Appendix A.  In another case in this District, the court found Libgen and its anonymous operators liable for willful copyright infringement and entered a default judgment and permanent injunction against them.  *See Elsevier Inc. v. Sci-Hub,*

No. 15-CV-4282 (RWS), 2017 WL 3868800 (S.D.N.Y. June 21, 2017).  Additionally, Courts in several European countries have ordered internet service providers to block access to Libgen.

Plaintiffs own or are the exclusive licensees to the copyrights in their respective works described in Appendix B hereto ("Authentic Works").  In total, Appendix B identifies two hundred separate Authentic Works, which are protected by U.S. Copyright Office registrations.  Appendix B is a non-exclusive, representative list of Plaintiffs' copyrighted works that Defendants have infringed.  The Libgen Sites list in their collection many additional works published by Plaintiffs beyond the Authentic Works.  Plaintiffs have not granted Defendants any license or authorization to reproduce, distribute, or otherwise exploit their works.

The Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(2).  Plaintiffs have shown that Defendants operate the Libgen Sites from unknown abroad locations; the Sites target and are continuously accessible to users in the United States; a significant percentage of Site users are located in the United States; on the Sites, users can download the works of many U.S. copyright holders, including Plaintiffs; Plaintiffs downloaded unauthorized copies of the Authentic Works from the Sites from IP addresses in the United States, including an IP address in New York; in operating the Sites, Defendants rely on service providers, including U.S. companies that have registered certain Libgen Site domain names and serve as Interplanetary File Sharing ("IPFS") gateway companies that facilitate downloads from Libgen Sites; several of the Sites purport to identify a copyright agent under the Digital Millennium Copyright Act; and Defendants derive revenue from interstate or international commerce, including through advertisements and donation solicitations.  Alternatively, the Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. § 302(a)(1).  Plaintiffs have shown that Defendants transact business and/or contract to supply goods in New York, including distributing infringing works to

Plaintiffs and others in New York via the Sites, and Plaintiffs' claims arise from those activities.

Defendants have been properly served in this action with the Complaint and Summons pursuant to the Alternative Service Order.

Defendants have willfully infringed Plaintiffs' copyrights in the Authentic Works in connection with their knowing reproduction and distribution of unauthorized electronic copies thereof. Defendants are liable for willful copyright infringement under 17 U.S.C. §§ 501, 504(c)(2).

Plaintiffs have been irreparably harmed as a result of Defendants' unlawful conduct and will continue to be irreparably harmed should Defendants be allowed to continue operating the Libgen Sites.

The balance of hardships and public interest weighs in favor of a permanent injunction, including because Defendants will not be harmed by being prevented from engaging in infringement, and the public has an interest in protecting the integrity of copyright holders' copyrights.

NOW, THEREFORE, IT IS HEREBY ORDERED, in accordance with Federal Rule of Civil Procedure 65 and the Copyright Act, 17 U.S.C. § 502(a), that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of this Permanent Injunction, are enjoined from directly or indirectly infringing any copyrighted work owned or exclusively controlled by any of the Plaintiffs, or any parent, subsidiary, or affiliate of Plaintiffs Cengage, McGraw Hill, and Pearson, or the immediate parent company of Plaintiff Macmillan Learning ("Plaintiffs' Copyrighted Works").

Without limiting the foregoing, IT IS FURTHER ORDERED that Defendants, their

officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, who receive actual notice of this Order, are permanently enjoined from engaging in any of the following acts:

Copying, reproducing, manufacturing, importing, downloading, uploading, transmitting, distributing, displaying, selling, offering for sale, advertising, marketing, promoting, or otherwise exploiting any of Plaintiffs' Copyrighted Works or enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to engage in such activities;

Using, hosting, operating, maintaining, registering, or providing any computer server, website, domain name, domain name server, cloud storage service, e-commerce platform, online advertising service, social media platform, proxy service (including reverse and forwarding proxies), website optimization service (including website traffic management), caching service, content delivery network, IPFS or other file sharing network, or donation, payment processing, or other financial service to infringe or to enable, facilitate, permit, assist, solicit, encourage, induce, participate with, or act in in concert with the infringement of Plaintiffs' Copyrighted Works;

Transferring ownership or control of the domain names associated with the Libgen Sites other than as set forth herein; and

Displaying or providing links, browser extensions, or other tools used to provide direct access to the Libgen Sites or Plaintiffs' Copyrighted Works on the Libgen Sites.

IT IS FURTHER ORDERED that, pursuant to 17 U.S.C. § 504(c), Plaintiffs' request for statutory damages under the Copyright Act is granted.  Plaintiffs are awarded statutory damages in the amount of $150,000 per Authentic Work, for a total of $30,000,000.00, as detailed in Appendix B hereto, for which Defendants are jointly and severally liable.

IT IS FURTHER ORDERED that, pursuant to the Copyright Act, 17 U.S.C. § 502(a),

Federal Rule of Civil Procedure 65(d), and/or this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, within twenty-one (21) business days following actual notice of this Order, the registries and/or the individual registrars of the domain names of all active Libgen Sites, as listed in Appendix C hereto, shall transfer such domain names to Plaintiffs' ownership and control, including by changing the registrar of record to the registrar of Plaintiffs' choosing, or otherwise implement technical measures, such as holding, suspending, or canceling the domain names, to ensure the domain names cannot be used by Defendants to infringe Plaintiffs' Copyrighted Works or otherwise used to operate Libgen and infringe Plaintiffs' Copyrighted Works.  Should Plaintiffs identify any additional Libgen Sites registered to or operated by any Defendant and used in conjunction with the infringement of Plaintiffs' Copyrighted Works, the registries and/or the individual registrars of such domain names shall further have the authority pursuant to this Order to transfer such additional domain names to Plaintiffs' ownership and control or otherwise implement technical measures to ensure the domain names cannot be used by Defendants or to operate Libgen as described immediately above.

IT IS FURTHER ORDERED that Defendants shall deliver to Plaintiffs for destruction all electronic copies of Plaintiffs' copyrighted works, including but not limited to the Authentic Works, or derivative works thereof, that Defendants have in their possession, custody, or control, and all devices by means of which such copies have been created, pursuant to 17 U.S.C. § 503.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter final judgment in favor of Plaintiffs against Defendants, jointly and severally, in the amount of $30,000,000.00, plus

post-judgment interest calculated at the rate set forth in 28 U.S.C. § 1961.

It is SO ORDERED this ____ day of _____, 2024.

                                              Hon. Colleen McMahon
                                   UNITED STATES DISTRICT JUDGE